1

2

3

4                        UNITED STATES DISTRICT COURT

5                        EASTERN DISTRICT OF CALIFORNIA

6

7    JEFF LION,                                CASE NO. 1:13-CV-1166  AWI GSA

8                        Plaintiff,
                                               ORDER ON PLAINTIFF'S MOTION TO
9              v.                               REMAND AND DEFENDANT'S
                                               MOTION TO DISMISS
10   ECHO GLOBAL LOGISTICS, INC., and
     ESTES FORWARDING WORLDWIDE,
11   LLC,                                       (Doc. Nos. 4, 5)

12                       Defendants

13

14

15         This is a shipping dispute between Plaintiff Jeff Lion ("Lion") and Defendants Echo

16   Global Logistics, Inc. ("Echo") and Estes Forwarding Worldwide, LLC ("Estes").  Estes removed

17   this case from the Fresno County Superior Court on July 25, 2013, on the basis of complete

18   federal preemption under 49 U.S.C. § 14706 ("the Carmack Amendment").  Estes has filed a

19   motion to dismiss, and Lion has filed a motion to remand.  Both motions are now before the Court

20   for decision.  For the reasons that follow, Lion's motion to remand will be granted, and Estes's

21   motion to dismiss will be denied as moot.

22

23                              **BACKGROUND**

24         The Complaint, which is on a pre-printed state court form, alleges that Lion hired Estes

25   and Echo to transport custom wood benches from Phoenix, Arizona to Fresno, California.  Estes

26   and Echo allegedly failed to take proper precautions in the packing, loading, transporting, and

27   removal of the benches.  Upon deliver to Fresno, Lion discovered that the benches had been

28   damages beyond repair.

On June 12, 2013, Lion filed suit in the Fresno County Superior Court, and alleged a single cause of action for negligence against Estes and Echo. Lion seeks damages to the property, and the damages are $25,000 or less.

On July 25, 2013, Estes filed a notice removal to this Court. The notice of removal avers that removal is proper because the Carmack Amendment completely preempts Lion's claims because those claims are for damages done to goods that were traveling in interstate commerce. Further, the notice of removal states that, to the best of Estes's knowledge, service upon Echo had not been effected and thus, Echo's consent was not required.

On July 31, 2013, Estes filed a motion to dismiss.

On August 23, 2013, Lion filed a motion to remand.

## I.     PLAINTIFF'S MOTION TO REMAND

*Plaintiff's Argument*[1]

Lion argues that remand is appropriate because although the Carmack Amendment covers almost every detail of claims against carriers, it does not cover claims against brokers. Here, Echo and Estes were both acting as brokers. Estes is licensed by the United States Department of Transportation as only a broker, it is not licensed to be a carrier. In fact, Estes is attempting to enforce a waybill's limitation of damages that contains the signature of the true carrier whom Estes hired, which was Arizona Express Delivery. Lion contracted with Echo for transport of custom benches from Phoenix to Fresno. Echo then brokered an agreement with Estes, who in turn would arrange for transport of the benches. Estes then brokered and arranged transport of the benches through Arizona Express Delivery. Lion was unaware of Arizona Express Delivery or its agency relationship with Estes or Echo until the benches were delivered. Because the Carmack Amendment does not apply to brokers, the negligence claim is not completely preempted.

---

[1]Lion also argues that remand is appropriate because Echo did not join the notice of removal, even though it was served on June 24, 2013. "All defendants who have been 'properly ... served in the action' must join in a petition for removal." Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011). The failure to obtain the consent of all served defendants is a procedural defect and may be cured prior to entry of judgment. See id. At 956-57. On October 15, 2013, Estes filed a notice of consent that is signed by its counsel on behalf of Echo. See Doc. No. 14. This document is sufficient to show Echo's consent. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224-1225 (9th Cir. 2009). Therefore, remand on the basis of failure to obtain consent is improper.

1  Without complete preemption, there is no jurisdiction and remand is proper.  Further, as part of the

2  remand, an award of attorney's fees should be made.

3       *Defendant's Opposition*

4       Estes argues that remand is not appropriate because the Court has subject matter

5  jurisdiction.  To determine whether subject matter jurisdiction exists, the Court should confine its

6  review to the initial complaint and ignore any allegations made by way of the remand motion.

7  Courts may look beyond the operative complaint at the time of removal only in instances where a

8  case was removed under diversity jurisdiction and the amount in controversy cannot be readily

9  determined.  Here, Lion's motion to remand includes three exhibits that were not attached to the

10  operative pleading, and a variety of allegations that were not alleged in the Complaint.  The only

11  allegations in the Complaint demonstrate complete pre-emption under the Carmack Amendment.

12       *Legal Standard*

13       The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction.

14  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial

15  Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed

16  that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing

17  the contrary rests upon the party asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-

18  07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption

19  against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to

20  state court."  Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

21  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the

22  right of removal in the first instance."  Geographic Expeditions, 599 F.3d at 1107; Duncan v.

23  Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566.  "If at any time prior to

24  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

25  remanded."  28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).

26  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  Bruns v. NCUA, 122 F.3d

27  1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th

28  Cir. 2004).

3

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014; Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985). "A defense is not part of a plaintiff's pleaded statement of his or her own claim." Dynegy, 375 F.3d at 838. However, a corollary to the well-pleaded complaint rule is the doctrine of "complete preemption." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000). Under the "complete preemption" doctrine, when the preemptive force of a statute is so strong that it "completely preempt[s]" an area of state law, the federal law displaces a plaintiff's state-law claim and the state claim is considered, from its inception, a federal claim that arises under federal law. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005). "Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998).

### *Discussion*

a.    Subject Matter Jurisdiction

"It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property and thus, completely preempts such claims." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115 (9th Cir. 2011); see Hall v. North Am. Van Lines, Inc., 476 F.3d 683, 688-89 (9th Cir. 2007). The Carmack Amendment's liability scheme distinguishes between "carriers," freight forwarders," and "brokers." See Rohr, Inc. v. UPS-Supply Chain Solutions, Inc., 2013 U.S. Dist. LEXIS 50457, *34-*35 (S.D. Cal. Apr. 8, 2013); SunOpta Global Organic Ingredients, Inc. v. C.H. Robinson

1   <u>Worldwide, Inc.</u>, 2011 U.S. Dist. LEXIS 43357, *6-*7 (E.D. Wash. Apr. 21, 2011); <u>KLS Air</u>

2   <u>Express, Inc. v. Cheetah Transp. LLC</u>, 2007 U.S. Dist. LEXIS 62161, 9-11 (E.D. Cal. Aug. 23,

3   2007); <u>Chubb Group of Ins. Cos. v. H.A. Transp. Sys.</u>, 243 F.Supp.2d 1064, 1068-69 (C.D. Cal.

4   2002).  The Carmack Amendment does not apply to "brokers," and thus state law tort and contract

5   theories against a "broker" are not completely preempted.[2]  <u>See</u> <u>Rohr</u>, 2013 U.S. Dist. LEXIS

6   50457, *34-*35; <u>SunOpta</u>, 2011 U.S. Dist. LEXIS 43357 at *7; <u>KLS Air</u>, 2007 U.S. Dist. LEXIS

7   62161, *10; <u>Chubb Group</u>, 243 F.Supp.2d at 1068-69.

8          Here, the Complaint contains only a short, three sentence paragraph.  The paragraph does

9   suggest that Estes and Echo transported Lion's benches in interstate commerce, but it does not

10  definitively show that the Carmack Amendment necessarily applies.  Nevertheless, additional

11  evidence and argument from Lion indicates that Arizona Express was the actual entity that

12  transported the property.  <u>See</u> Ruddy Dec. ¶ 10 & Ex. E.  Further, a document from the United

13  States Department of Transportation's website indicates that Estes is registered only as a "broker."

14  Estes does not challenge validity of the document or the assertion that it is registered only as a

15  "broker."[3]  <u>See</u> Ruddy Dec. Ex. D.  Based on the exhibits and arguments made, Lion has shown

16  that his claim may be against a "broker" for purposes of the Carmack Amendment.

17         Estes does not dispute the Department of Transportation document, nor does it argue that it

18  is not a "broker."  Instead, Estes simply argues that the allegations of the Complaint indicate that

19  the Carmack Amendment applies and that it is inappropriate for the Court to consider the

20  additional evidence and representations presented by Lion.  The Court cannot agree.

21         The basis of removal in this case was complete preemption under the Carmack

22  Amendment.  <u>See</u> Doc. No. 1 at ¶ 3.  The Ninth Circuit has expressly held that a district court is

23  permitted to look beyond the complaint when the basis for jurisdiction is complete preemption.

24  <u>Parrino</u>, 146 F.3d at 704.  Estes does not acknowledge or cite to <i>Parrino</i>.  Instead, Estes cites to

25

26  [2] A "broker" is "a person, other than a motor carrier . . ., that as a principal or agent sells, offers for sale, negotiates
    for, or holds itself out by solicitation, advertisement, or otherwise selling, providing, or arranging for, transportation

27  by motor carrier for compensation."  49 U.S.C. § 13102(2).

28  [3]The Court also notes that Echo is registered only as a "broker" with the United States Department of Transportation.
    <u>See</u> Roundy Dec. Ex. C.

1    *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987) for the proposition that courts should ignore

2    any allegations made in a remand motion, and to *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d

3    1118 (9th Cir. 2013) for the proposition that a court may look beyond the pleadings only in

4    diversity cases when the amount in controversy is not readily determinable.  Estes's reliance on

5    these cases is unavailing.

6          With respect to *Caterpillar*, the pinpoint citation does not actually support Estes's

7    assertion, *Caterpillar* pre-dates *Parrino*, and *Parrino* acknowledged the general rule that courts

8    usually must consider only the allegations in the complaint, but also acknowledged that there is an

9    exception to this general rule in complete preemption cases.  With respect to *Urbino*, that was a

10   diversity case involving the California Private Attorney General Act, it did not involve complete

11   preemption, and it did not hold that the only time a court may look beyond the operative pleading

12   is to determine the amount in controversy.  *Urbino* is simply inapposite.  *Parrino* controls this

13   case, and the Court may consider Lion's additional evidence in resolving this motion.

14         It is Estes's burden to establish subject matter jurisdiction.  The removal statute is strictly

15   construed, and any doubts are resolved against subject matter jurisdiction.  Lion has done enough

16   to create doubt about whether the Carmack Amendment applies.  Instead of addressing the

17   substance of Lion's arguments and evidence, Estes has attempted to argue that the Court should

18   focus only on the Complaint and ignore the evidence and arguments presented as part of the

19   remand motion.  However, the Court may look beyond the Complaint.  Parrino 146 F.3d at 704.

20   Without substantive arguments and/or additional evidence from Estes, Estes has not met its

21   burden.  The Court must resolve all doubt against Estes, and must remand this case due to a lack

22   of subject matter jurisdiction.  See 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at

23   1107; Hunter, 582 F.3d at 1042; Bruns, 122 F.3d at 1257; Gaus, 980 F.2d at 566; Curb Tech., LLC

24   v. Somerset Logistics, LLC, 2013 U.S. Dist. LEXIS 94554, *8-*9 (M.D. Ala. July 8, 2013).

25         b.    Attorney's Fees

26         "An order remanding the case may require payment of just costs and any actual expenses,

27   including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "District courts

28   should award attorney's fees and costs under [§ 1447(c)] only where the removing party lacked an

1  objectively reasonable basis for seeking removal." <u>Otay Land Co. v. United Enters. Ltd.</u>, 672 F.3d

2  1152, 1157 (9th Cir. 2012).

3      Estes does not address the propriety of an award of attorney's fees, other than to argue that

4  the Court has subject matter jurisdiction based on the content on the Complaint. The Complaint is

5  rather open-ended, and it does suggest that the Carmack Amendment applies. Based on the status

6  of the complaint, removal does not appear to be objectively unreasonable.

7      Additionally, the Court has found a case that addressed the Carmack Amendment as part of

8  a motion to remand. In *Curb Tech.*, a district court found that the Carmack Amendment did not

9  apply to "brokers." <u>See</u> <u>Curb Tech.</u>, 2013 U.S. Dist. LEXIS 94554 at *5. Because the defendant

10  was a "broker," the state law claims were not completely preempted and remand was appropriate.

11  <u>See</u> <u>id.</u> at *8. Of particular note, the district court found that the Carmack Amendment's

12  applicability to "brokers" was not clearly settled law as of July 2013. <u>See</u> <u>id.</u>at *9. Because the

13  issue was unsettled, the district court found that the removal was not objectively unreasonable and

14  declined to impose attorney's fees. <u>See</u> <u>id.</u>

15      Neither party has extensively briefed the issue of attorney's fees. Lion's request for fees

16  amounts to little more than two sentences, and Estes does not expressly address the issue. In the

17  absence of contrary authority, the Court will follow *Curb Tech* and find that Estes's removal was

18  not objectively unreasonable. Lion's request for attorney's fees will be denied. <u>See</u> <u>id.</u>

19

20      **II.    DEFENDANT'S MOTION TO DISMISS**

21      As discussed above, Estes has not met its burden of establishing subject matter jurisdiction,

22  and this matter must be remanded to state court. Because the case will be remanded, it is

23  unnecessary to resolve Estes's motion. Estes's motion to dismiss will be denied as moot.

24

25      **CONCLUSION**

26      Lion has moved to remand this matter to the Fresno County Superior Court due to the

27  absence of subject matter jurisdiction. Estes has not sufficiently shown that Lion's claims are

28  completely preempted by the Carmack Amendment, and thus, has not met its burden. As a result,

1    this case must be remanded for want of subject matter jurisdiction.  However, because the

2    Carmack Amendment's application to "brokers" has been held to be unsettled, Estes's removal

3    was not objectively unreasonable.  Lion will not be awarded attorney's fees.

4

5                                               **ORDER**

6           Accordingly, IT IS HEREBY ORDERED that:

7    1.  Plaintiff's motion to remand is GRANTED (Doc. No. 5);

8    2.  Defendant's motion to dismiss is DENIED (Doc. No. 4) as moot;

9    3.  The Court declines to award attorney's fees under 28 U.S.C. § 1447(c);

10   4.  Pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED forthwith to the Fresno

11         County Superior Court due to this Court's lack of subject matter jurisdiction.

12

13

14

     IT IS SO ORDERED.
15

16   Dated:   October 17, 2013                    _____

17                                                SENIOR  DISTRICT  JUDGE

18

19

20

21

22

23

24

25

26

27

28